

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-24-00005-CR

___

JOE HERRERA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

___

On Appeal from the 54th District Court
McLennan County, Texas[1]
Trial Court No. 2022-2001-C2, Counts I & II, Honorable Alan Bennett, Presiding

___

June 28, 2024

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Joe Herrera, appeals his convictions for assault family violence[2] and concurrent sentences of forty years' confinement. Appellant's brief was originally due February 28, 2024, but we granted Appellant's appointed counsel three extensions to file a brief due to his caseload. By letter of May 7, 2024, we admonished counsel that no

___

[1] This appeal was transferred to this Court from the Tenth Court of Appeals pursuant to a docket equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] *See* TEX. PENAL CODE ANN. § 22.01.

further extensions would be granted and that failure to file a brief by May 29 would result in the appeal being abated and the cause remanded to the trial court for further proceedings without further notice. To date, Appellant's counsel has not filed a brief or had any further communication with this Court.

Accordingly, we abate this appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 38.8(b)(2),(3). Upon remand, the trial court shall determine the following:

(1)    whether Appellant still desires to prosecute the appeal;

(2)    whether Appellant is indigent;

(3)    why a timely appellate brief has not been filed on Appellant's behalf;

(4)    whether Appellant's counsel has abandoned the appeal;

(5)    whether Appellant has been denied the effective assistance of counsel;

(6)    whether new counsel should be appointed; and

(7)    if Appellant desires to continue the appeal, the date the Court may expect Appellant's brief to be filed.

The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by August 27, 2024. If it is determined that Appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint him new counsel; the name, address, email address, telephone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings.

2

Should Appellant's counsel file a brief on or before July 29, 2024, he is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.